COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner and
          Senior Judge Hodges


THE GOODYEAR TIRE & RUBBER COMPANY AND
 TRAVELERS INDEMNITY COMPANY OF ILLINOIS
                                      MEMORANDUM OPINION*
v.    Record No. 2092-00-3                 PER CURIAM
                                        DECEMBER 28, 2000
DIANE N. NEWCOMB


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (James A. L. Daniel; Martha White Medley;
            Daniel, Vaughan, Medley & Smitherman, P.C.,
            on brief), for appellants.

            (Stephen G. Bass; Carter, Craig, Bass,
            Blair & Kushner, P.C., on brief), for
            appellee.


    The Goodyear Tire & Rubber Company and its insurer

(hereinafter referred to as "employer") contend that the

Workers' Compensation Commission erred in finding that Diane N.

Newcomb (claimant) proved that the deQuervain's disease in her

right wrist and the epicondylitis in her right elbow and

disability related thereto were causally related to her November

2, 1992 compensable left arm injury.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.
_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In ruling that claimant sustained her burden of proving a compensable change-in-condition, the commission found as follows:

> [T]he claimant has established that she developed right deQuervain's syndrome and epicondylitis as a result of overuse of [her right] extremity necessitated by the November 2, 1992, injury to her left arm. . . . [W]e note the consistent medical reports of Dr. [Anthony] DeFranzo causally relating the right arm condition to this accident. We have reviewed all medical reports in the record . . . . We can find nothing in these reports to indicate that the claimant's problem is the result of a condition other than that diagnosed by Dr. DeFranzo. We note that a 1993 a [sic] nerve conduction study specifically ruled out carpal tunnel syndrome. Any finding that the claimant had osteoarthritis appeared to be incidental to other treatment she received. We also note there was never any definitive diagnosis of this condition, only a suspicion. We are cognizant of the report of Dr. [Stephen] Leibovic, who has found the claimant does not have deQuervain's disease, but had CMC synovitis and multiple inflammatory complaints known as diffuse synovitis or

-

fibromyalgia. We find, after considering all medical reports, that Dr. DeFranzo is in the best position to determine the nature of claimant's condition. He has treated her for more than seven years, and has had the opportunity to observe her on a regular basis. In his deposition, he was positive in his diagnosis of deQuervain's syndrome, noting that perhaps at the time she was evaluated by Dr. Leibovic it was after she had received treatment by injection and her symptoms were not as acute.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). In its role as fact finder, the commission was entitled to weigh the medical evidence, to accept Dr. DeFranzo's opinions, and to reject Dr. Leibovic's opinions. Dr. DeFranzo's medical records and opinions, coupled with claimant's testimony, constitute credible evidence to support the commission's decision. During his deposition, Dr. DeFranzo did not indicate that any of his opinions regarding the causation of claimant's right arm problems would change as a result of receiving information from employer's counsel regarding claimant's medical records and past medical treatment. "'[W]hen an attending physician is positive in his diagnosis . . . , great weight will be given by the courts to his opinion.'" Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986) (citations omitted). "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to

-

support the commission's finding."  Wagner Enters., Inc. v.

Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

For the reasons stated, we affirm the commission's decision.

Affirmed.